UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
PURE LOVE MUSIC, EMI APRIL MUSIC
INC., UH OH ENTERTAINMENT, INC.,
WUT' SHAWN-A-DO MUSIC, INC.,
NEUTRAL GREY MUSIC, NAUGHTY
MUSIC, DIWALI MUSIC and WB MUSIC
CORP.,

          MEMORANDUM AND ORDER
          09 Civ. 1980 (ILG)

          Plaintiffs,

   -against-

JMC ENTERTAINMENT, INC. and
MOHAN JAIKARAN,

          Defendants.
-------------------------------------------------x

GLASSER, United States District Judge:

Plaintiffs Pure Love Music, EMI April Music Inc., UH OH Entertainment, Inc., Wut' Shawn-A-Do Music, Inc., Neutral Grey Music, Naughty Music, Diwali Music, and WB Music Corp. (collectively, "plaintiffs") move the Court for an order and judgment enforcing an oral settlement agreement, the terms of which were read into the record before Magistrate Judge Go. The Court finds this oral agreement to be fully enforceable against Defendants JMC Entertainment, Inc. ("JMC") and Mohan Jaikaran ("Jaikaran") (collectively, "defendants") and enters judgment in favor of plaintiffs and against defendants, jointly and severally, in the amount of $50,000.00 plus reasonable costs and attorneys' fees. The Court finds that the judgment cannot bind Maracas Club and Restaurant, LLC ("Club Maracas") because it is not a party to this action. Accordingly Club Maracas is excluded from the judgment.

## BACKGROUND

Plaintiffs' complaint, filed on May 11, 2009, alleges that the defendants infringed the plaintiffs' copyrights by staging public performances of three of the plaintiffs' copyrighted works at the "Rum Jungle (a/k/a Club Maracas)" nightclub in Queens, New York. (Docket # 1) Plaintiffs sought statutory damages pursuant to 17 U.S.C. § 504(c)(1) and a permanent injunction barring defendants from staging further performances of the copyrighted works.

At a September 2, 2009 court conference before Magistrate Judge Go, plaintiffs' attorney Jeff Movit read into the record the terms of a settlement the parties had reached:

> MR. MOVIT: The agreement in principle is a total payment of $32,000. The parties to the agreement will be all plaintiffs and ASCAP, the American Society of Composers, Authors and Publishers on the one hand, and on the other hand, the two defendants as well as [the] Moroccas Club and Restaurant LLC. The $32,000 previously mentioned will be paid as follows: A $5,000 down payment, with the remaining $27,000 payable over two years, in either quarterly payments or three times a year payments, to have that $27,000 evenly allocated across the period. The payment schedule will be made pursuant to a consent judgment. The parties agree that both defendants will be signatories to that consent judgment and we will contemplate a procedural vehicle for Moroccas to be a party to that consent judgment. Under the consent judgment, the liquidated default amount, in the event of a default, will be $50,000. It's also important to note that the settlement amount that I've just mentioned on the record is inclusive of the 2009 license amount for ASCAP to license the establishment for the performance by D.J.'s of music at the club. The 2009 license amount is a hair under $2,700.

Declaration of Jeffrey M. Movit ("Movit Decl."), dated Jan. 8, 2010, Ex. 1 ("Transcript") at 2-3. Defendants' attorney Kevin Claffey agreed that, "Mr. Movit has stated the terms and conditions correctly." Transcript at 3. Both attorneys agreed that they had the authority from their respective clients to settle the case. Id.

Also present at the conference was Raquel Shivdat ("Shivdat") who represented that she was authorized to act on behalf of JMC and Club Maracas.[1] Id. at 4. Mr. Claffey suggested that a consent judgment memorializing the settlement would be submitted to the Court along with the first payment on October 1, 2009. See id. at 5.

Following the conference, Mr. Movit sent Mr. Claffey a proposed settlement agreement memorializing the terms stated in court. See Movit Decl. Ex. 2. As a means of making Club Maracas a party to this action, the agreement contemplated a stipulation in which the parties jointly moved the Court for leave to amend the complaint to add Club Maracas as a defendant. The agreement also included a proposed consent judgment for the parties' signatures. However, the defendants never accepted the proposed settlement: the complaint was never amended, the consent judgment was never executed and, indeed, settlement negotiations completely broke down at this point. Needless to say, defendants did not make the initial $5,000 down payment by the October 1 deadline and have made no payments to date. Movit Decl. ¶ 11; Declaration of Kevin P. Claffey ("Claffey Decl."), dated Jan. 25, 2010, at ¶ 3. Mr. Claffey has informed Mr. Movit that the defendants and Club Maracas have no intention of complying with the terms of the settlement. Movit Decl. ¶ 13. Plaintiffs now ask that the oral settlement be enforced on the terms stated in court and acknowledged by the parties, and that the Court enter a $50,000 judgment against the defendants and Club Maracas jointly and severally.

---

[1] The complaint alleges that Club Maracas is owned by defendant JMC and that defendant Jaikaran is JMC's principal. See Complaint ¶ 5. It appears that ownership of the nightclub has since been transferred to another entity, Club Maracas, whose sole member is Shivdat, Jaikaran's daughter. Whether or not this transfer of assets is the "shell game" plaintiffs make it out to be, Reply Memo. at 3 n. 2, there is no dispute that the complaint has not been amended to make Club Maracas a party.

As the Court reads the defendants' "partial opposition," they do not attempt to avoid liability under the oral settlement agreement. Claffey Decl. at ¶ 2 (stating that Mr. Claffey only opposes plaintiffs' attempt to enforce the settlement agreement against nonparty Club Maracas). The named defendants' sole argument against liability is that they currently have other expenses, including a federal tax lien in excess of $200,000 and costs associated with multiple lawsuits, that leave them unable to satisfy a judgment in this case. Id. at ¶ 22. With respect to Club Maracas, Mr. Claffey argues that no judgment can be entered against it because it is not a party to this action. Id. at ¶¶ 11-21.

**DISCUSSION**

Defendants do not dispute that they are bound by the oral settlement agreement they entered into in open court. They cite no authority to rebut the plaintiffs' argument that that agreement is enforceable as to them. In any event, the law is clear that, "[a] court's authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings." Janus Films, Inc. v. Miller, 801 F.2d 578, 583 (2d Cir. 1986) (citations omitted). Here, plaintiffs' counsel read the terms of the settlement into the record during an in-court conference before the presiding Magistrate Judge. Defendants' counsel affirmed that those terms were accurate. There was undoubtedly a meeting of the minds as to the agreement and it is therefore fully enforceable against the defendants. Their statements as to their inability to satisfy any judgment are irrelevant to the issue of plaintiffs' entitlement to one. Accordingly the Court will enter judgment against defendants and in favor of plaintiffs for $50,000 pursuant to the liquidated damages provision of the settlement agreement. See United

States v. Sforza, 326 F.3d 107, 115 -116 (2d Cir. 2003) (finding "no error in entering judgment on the terms agreed to by the parties on the record" where terms of settlement agreement were recited on record at court conference).

Left at issue is whether the Court can enter a binding judgment against Club Maracas based on Mr. Claffey's or Ms. Shivdat's statements at the September 2 court conference. It is a "principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." Taylor v. Sturgell, 553 U.S. \_\_, 128 S.Ct. 2161, 2166-67 (2008) (quoting Hansberry v. Lee, 311 U.S. 32, 40 (1940)). It is clear that neither of these conditions has been satisfied as to Club Maracas. Accordingly, it remains a nonparty to this action and as such cannot be bound by a judgment.

None of the cases cited by plaintiffs involves an attempt by a court to bind a nonparty to a judgment. In New Card, Inc. v. Glenns, No. 00 Civ. 4756, 2004 WL 540417 (S.D.N.Y. Mar. 18, 2004), the court found that a named defendant had waived any objections to personal jurisdiction where he had "corresponde[d] with the parties and the Court and [filed] several motions and/or applications." Id. at *1. Here, Club Maracas was never named as a party and never made an application to the court. See id. (citing, in support of personal jurisdiction, Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir.1972) ("If a party enters a case, makes no objection to jurisdiction, and asks the court to act on its behalf in some substantive way, it will be held to have waived further objection [to personal jurisdiction]")). According to Mr. Claffey, Ms. Shivdat's appearance at the settlement conference was "only to help out her father and JMC." Her

only contribution to the conference was her statement to Magistrate Judge Go that she was authorized to act on behalf of Club Maracas. The Court cannot and does not conclude that Ms. Shivdat's voluntary appearance at the court conference suffices to bestow upon the Court personal jurisdiction over her and Club Maracas.

This conclusion does not change when the terms of the settlement are added to the equation. These terms clearly contemplate Club Maracas as a party to the settlement. However, none of the terms explicitly makes Club Maracas a party to the action nor does it secure a waiver from Ms. Shivdat of her due process rights to be named in a complaint and served with process. Under the terms of settlement the parties are to "contemplate a procedural vehicle for Moroccas [sic] to be a party to" a proposed consent judgment. Rather than create personal jurisdiction over Club Maracas, this provision indicates the parties' recognition that Club Maracas would need to be made a party to the action before it could be bound by any judgment. It never was and is, therefore, not bound.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for judgment is GRANTED in part and DENIED in part. The Court orders the entry of a judgment in favor of the plaintiffs against defendants JMC Entertainment, Inc. and Mohan Jaikaran, in the amount of $50,000. The Court DENIES the motion for entry of judgment against nonparty Maracas Club and Restaurant, LLC.

**SO ORDERED.**

Dated:     Brooklyn, New York
           February 12, 2010

/s/
I. Leo Glasser
United States Senior District Judge

**Copies of the foregoing memorandum and order were electronically sent to:**

Counsel for Plaintiffs:

Jeffrey Mark Movit
Mitchell Silberberg & Knupp LLP
12 East 49th Street
30th Floor
New York, NY 10017

Counsel for Defendants:

Kevin Patrick Claffey
Law Office of Kevin P. Claffey, P.C.
19 Fulton Street
Suite 402
New York, NY 10038